**Alton BOOMER et al., Plaintiffs,**

v.

**The BEAUFORT COUNTY BOARD OF EDUCATION, a body corporate, et al., Defendants.**

**Civ. A. No. 606.**

United States District Court
E. D. North Carolina,
Washington Division.

Aug. 5, 1968.

Conrad O. Pearson, Durham, N. C., J. LeVonne Chambers, James E. Ferguson, II, James Lanning, Charlotte, N. C., Jack Greenberg, James M. Nabrit, III, Robert Belton, New York City, for plaintiffs.

Irvin B. Tucker, Jr., Yarborough, Blanchard, Tucker & Yarborough, Raleigh, N. C., Lee Knott, Jr., L. H. Ross, William P. Mayo, Washington, N. C., for defendants.

OPINION AND ORDER

LARKINS, District Judge.

This cause was initially filed by the plaintiffs in February 1966, seeking an

order permanently enjoining further racially discriminatory practices by defendants in the operation of the Beaufort County Public Schools. In February 1966, plaintiffs moved to add as additional parties-defendants the District School Committeemen. An order allowing the joinder of the District School Committeemen as parties-defendants was entered by the Court in November 1966. In February 1967, the North Carolina Teachers Association moved to intervene as a party-plaintiff and to file a complaint in intervention. An order allowing the intervention and the filing of the complaint in intervention was entered by the Court in June 1967.

On August 23, 1967, the Court entered an order to govern assignments of students and teachers for the 1967-68 school year. The order provided for freedom of choice for pupils for the 1967-68 school year, for the additional assignment of 100 Negro pupils to previously all-white schools because of the insubstantial number of students requesting assignment under freedom of choice, for the assignment of at least 2 teachers of the opposite race to each school, for re-employment of Negro teachers dismissed or threatened with dismissal for the filing of reports showing the racial compositions of the various schools and for the submission of a plan for complete desegregation of the school system.

Pursuant to the August 1967 order the defendants submitted reports and a proposed plan for desegregation providing for freedom of choice for 1968-69, for the assignment of at least 1 teacher of the minority race to each school and for nonracial sanction of extracurricular activity. Plaintiffs filed objections to the plan and moved the Court for further relief for complete desegregation of the school system. The matter was heard by the Court on April 12, 1968, May 13, 1968 and June 13, 1968 at which time the parties introduced several exhibits, depositions and answers to interrogatories. The matter was again heard by the Court on July 30, 1968.

Upon the evidence thus introduced, the Court makes the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Beaufort County School System operates 10 public schools. There are approximately 5,270 students in the system, approximately 2,853 of whom are white and 2,417 of whom are Negro. The Board employs approximately 208 teachers, approximately 123 white and 85 Negro.

2. At the time of the institution of this action, the Board had taken no steps to desegregate the school system except the adoption of a freedom of choice plan pursuant to the requirements of the Civil Rights Act of 1964. The plan initially adopted by the Board provided for the establishment of school districts and attendance zones. The plan was subsequently altered to provide for freedom of choice. For the 1965-66 school year approximately 78 Negro students requested assignment to previously all-white schools. Several of those students subsequently withdrew their request or withdrew from school.

3. For the 1966-67 school year, the School Board conducted a freedom of choice period during which approximately 119 Negro students requested assignment to previously all-white schools. Prior to the 1966-67 school year no teachers or school personnel had been assigned to cross racial lines. A white librarian and a white kindergarten teacher were assigned to 2 of the 4 all-Negro schools (Beaufort County High School and Chocowinity Elementary School) for the 1966-67 school year. No Negro teachers were assigned to schools to which their race was in the minority. The Board attributed its failure to desegregate teachers to the refusal of the various district school committees to elect teachers of the opposite race. The Court then ordered the joinder of the district school committeemen as parties defendants.

4. Under the freedom of choice period conducted by the Board for the

1967–68 school year, 119 Negro students requested assignment to previously all-white schools. The order further required that the Board assign an additional 100 Negro students to previously all-white schools for this school year and that the Board assign at least 2 teachers of the opposite race to each school. The report of the Board shows that a total of 177 Negro students were assigned to previously all-white schools for the 1967–68 school year and that an average of 2 teachers of the opposite race were assigned to each school.

5. Under the freedom of choice period conducted by the Board for the 1968–69 school year approximately 128 Negro students of approximately 2,500 Negro students in the school system requested assignment to previously all-white schools. No white students requested assignment to previously all-Negro schools. The all-Negro schools under freedom of choice for 1968–69 would remain all-Negro with respect to the student bodies.

■ 6. The defendants are maintaining a racially dual public school system. Freedom of choice is an unconstitutional and impermissible means for desegregation for the Beaufort County Public Schools. It is therefore imperative that an order be entered directing that the defendants implement a plan consistent with the decisions of the Supreme Court in Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716; Monroe v. Board of Commissioners of City of Jackson, 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733; Raney v. Board of Education of Gould School, 391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727.

It is, therefore, ordered, adjudged and decreed:

■ 1. That the defendants for the 1968–69 school year shall establish geographic attendance zones for Bath High School, serving grades 1 through 12 and for Pinetown Elementary School serving grades 1 through 8 and shall assign all students residing within these attendance zones to the schools serving their grade level. The defendants shall establish an attendance zone for the Chocowinity High School and Chocowinity Elementary School and assign all students in grades 1 through 3 to the Chocowinity Elementary School and all students in grades 4 through 12 to the Chocowinity High School. The defendants shall establish attendance areas for the following pairs of schools: Belhaven and John A. Wilkinson; Aurora and S. W. Snowden; and Pantego and Beaufort County School. All students in grades 1 through 7 in the Belhaven and John A. Wilkinson attendance area shall attend the Belhaven School. All students within the Belhaven-John A. Wilkinson attendance area in grades 8 through 12 shall attend the John A. Wilkinson School. All students in grades 1 through 7 in the Aurora and S. W. Snowden attendance area in grades 1 through 7 shall attend the S. W. Snowden School and all students in grades 8 through 12 in the Aurora and the S. W. Snowden attendance area in grades 8 through 12 shall attend the Aurora School. All students in grades 1 through 7 in the Pantego and Beaufort County attendance area shall attend the Beaufort County School. All students in the Pantego and Beaufort County attendance area in grades 8 through 12 shall attend the Pantego School.

■ 2. All teachers shall be employed and assigned to the various schools in the school system without consideration of race and color.

■ 3. No student shall be segregated or discriminated against on account of race or color in any services, facilities, activities or programs (including transportation, athletics or other extracurricular activities) that may be conducted or sponsored by or affiliated with the school system. All school use or school-sponsored use of athletic fields, meeting rooms and all other school related services, facilities, activities and pro-

grams which are open to persons other than enrolled students, shall be opened to all persons regardless of race or color. All special educational programs conducted by the defendant shall be conducted without regard to race or color.

4. Where bus transportation is provided buses shall be routed and shall accommodate all students without consideration of race and color.

5. That the defendant, to the extent consistent with the proper operation of the school system as a whole, shall locate any new school, and substantially expand any existing schools with the objective of eradicating the vestiges of the dual school system and of eliminating the effects of segregation.

6. All high school students, after assignment according to this order, are given the right for a transfer, subject to sufficient space, to another high school of their own choice in the Beaufort County School System provided the application for transfer is made within two weeks from the date of the assignment of the student to a high school according to this order and provided the student exercising his choice of transfer furnishes his own transportation to the high school of his choice and provided that this right to transfer shall apply only to the 1968–69 school year.

7. On or before January 1, 1969, the Board shall file a report with the Court setting forth the results of the steps that it has taken pursuant to the Order of the Court, showing the racial composition by race and grades of students and teachers in each school in the system and of the steps it proposes to take for complete desegregation of the school system. The Board shall also file at this time copies of maps setting forth geographical attendance areas as directed.

8. The Clerk shall serve a copy of this opinion and order upon all counsel of record.

9. Let this order be entered forthwith.